In the United States District Court
for the District of Columbia

| | |
|---|---|
| Demetrius Moody, | |
| *On behalf of himself and those similarly situated*, | Case No. |
| Plaintiff, | Judge |
| | Magistrate Judge |
| v. | |
| Team Washington, Inc.; Mary Lynne Carraway; John Doe 1-10; Doe Corporation 1-10 | Jury Demand Endorsed Hereon |
| Defendants. | |

Class and Collective Action Complaint

1.      Demetrius Moody, on behalf of himself and all similarly-situated individuals, brings this action against Team Washington, Inc.; Mary Lynne Carraway; John Doe 1-10; and Doe Corporation 1-10 ("Defendants"). Plaintiff seeks appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiff and similarly-situated individuals with minimum wages as required by the Fair Labor Standards Act ("FLSA"), Washington D.C. Minimum Wage Revision Act ("DCMWRA"), D.C. Code § 32-1001 *et seq.,* D.C. Wage Payment and Collection Law ("DCWPCL"), §32-1301, *et seq.*, and unjust enrichment.

2.      Defendants own and operate approximately 76 Domino's Pizza franchise stores in and around Washington D.C. (the "Team Washington stores").

3.      Defendants repeatedly and willfully violated the Fair Labor Standards Act, DCMWRA,

and DCWPCL by failing to adequately reimburse delivery drivers for their delivery-related expenses, thereby failing to pay delivery drivers the legally mandated minimum wage and the wages they were otherwise due for all hours worked.

4.      Defendants maintain a policy and practice of underpaying their delivery drivers in violation of the FLSA, DCMWRA, and DCWPCL.

5.      All delivery drivers at the Team Washington stores, including Plaintiff, have been subject to the same employment policies and practices, including policies and practices with respect to wages and reimbursement for expenses.

## Jurisdiction and Venue

6.      Under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has jurisdiction over Plaintiff's FLSA claims.

7.      Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's District of Columbia law claims.

8.      Venue in this Court is proper under 28 U.S.C. § 1391(b) because the parties reside in this district, and a substantial part of the events giving rise to the claim herein occurred in this district.

## Parties

**Plaintiff**

**Demetrius Moody**

9.      Plaintiff Demetrius Moody is a resident of Virginia and, at all material times herein, Plaintiff worked within the boundaries of the District of Columbia.

2

10.     Plaintiff is an "employee" of all of the Defendants as defined in the FLSA, DCMWRA, and DCWPCL.

11.     Plaintiff has given written consent to join this action.

**Defendants**

**Team Washington, Inc.**

12.     Defendant Team Washington, Inc. is a corporation authorized to do business under the laws of Delaware.

13.     Team Washington, Inc.'s principal place of business is at 1600 Spring Hill Road, Vienna, VA 22182.

14.     Team Washington, Inc. owns and operates one or more Domino's Pizza franchise stores in the District of Columbia.

15.     Upon information and belief, Team Washington, Inc. is the entity that has entered into a franchise agreement with Domino's Pizza to operate the Team Washington stores.

16.     Team Washington, Inc. is owned by Mary Lynne Carraway.

17.     Team Washington, Inc. is operated by Mary Lynne Carraway.

18.     Team Washington, Inc. was the entity name on Plaintiff's paystubs.

19.     Team Washington, Inc. has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

20.     Team Washington, Inc. applies, or causes to be applied, substantially the same employment policies, practices, and procedures to all delivery drivers at all of its locations, including policies, practices, and procedures relating to payment of minimum wages, and reimbursement of automobile expenses.

21.     Team Washington, Inc. has direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

22.     At all relevant times, Team Washington, Inc. maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

23.     Team Washington, Inc. is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA, DCMWRA, and DCWPCL.

24.     At all relevant times, Team Washington, Inc. has been an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

25.     Team Washington, Inc.'s gross revenue exceeds $500,000 per year.

**Mary Lynne Carraway**

26.     Defendant Mary Lynne Carraway is the owner of the Team Washington stores.

27.     Mary Lynne Carraway is a Domino's Pizza franchisee.

28.     Mary Lynne Carraway has entered into franchise agreements with Domino's Pizza relating to each of the Team Washington stores.

29.     Mary Lynne Carraway is an operator of the Team Washington stores.

30.     Mary Lynne Carraway is the owner of the Team Washington stores.

31.     Mary Lynne Carraway operates and owns multiple Domino's Pizza stores across the District of Columbia and surrounding areas.

32.     Mary Lynne Carraway is individually liable to the delivery drivers at the Team Washington stores under the definitions of "employer" set forth in the FLSA, DCMWRA, and DCWPCL because she owns and operates the Team Washington stores, serves as an owner and

4

officer of the Team Washington stores, ultimately controls significant aspects of the Team Washington stores' day-to-day functions, and ultimately controls compensation and reimbursement of employees. 29 U.S.C. § 203(d).

33.     At all relevant times, by virtue of her role as an owner, officer, and operator of the Team Washington stores, Mary Lynne Carraway has had financial control over the operations at each of the Team Washington stores.

34.     At all relevant times, by virtue of her role as an owner, officer, and operator of the Team Washington stores, Mary Lynne Carraway has had a role in significant aspects of the Team Washington stores' day to day operations.

35.     At all relevant times, by virtue of her role as an owner, officer, and operator of the Team Washington stores, Mary Lynne Carraway has had control over the Team Washington stores' pay policies.

36.     At all relevant times, by virtue of her role as an owner, officer, and operator of the Team Washington stores, Mary Lynne Carraway has had power over personnel and payroll decisions at the Team Washington stores, including but not limited to influence over delivery driver pay.

37.     At all relevant times, by virtue of her role as an owner, officer, and operator of the Team Washington stores, Mary Lynne Carraway has had the power to hire, fire, and discipline employees, including delivery drivers at the Team Washington stores.

38.     At all relevant times, by virtue of her role as an owner, officer, and operator of the Team Washington stores, Mary Lynne Carraway has had the power to stop any illegal pay practices that harmed delivery drivers at the Team Washington stores.

39.     At all relevant times, by virtue of her role as an owner, officer, and operator of the

Team Washington stores, Mary Lynne Carraway has had the power to transfer the assets and liabilities of the Defendant entities.

40.     At all relevant times, by virtue of her role as an owner, officer, and operator of the Team Washington stores, Mary Lynne Carraway has had the power to declare bankruptcy on behalf of the Defendant entities.

41.     At all relevant times, by virtue of her role as an owner, officer, and operator of the Team Washington stores, Mary Lynne Carraway has had the power to enter into contracts on behalf of each of the Team Washington stores.

42.     At all relevant times, by virtue of her role as an owner, officer, and operator of the Team Washington stores, Mary Lynne Carraway has had the power to close, shut down, and/or sell each of the Team Washington stores.

43.     At all relevant times, by virtue of her role as an owner, officer, and operator of the Team Washington stores, Mary Lynne Carraway has authority over the overall direction of each of Defendants' Domino's stores and is responsible for their operations.

44.     The Team Washington stores function for Mary Lynne Carraway's profit.

45.     Mary Lynne Carraway has influence over how the Team Washington stores can run more profitably and efficiently.

**Doe Corporation 1-10**

46.     Upon information and belief, Defendants own, operate, and control other entities and/or limited liability companies that also comprise part of the Team Washington stores, and qualify as "employers" of Plaintiff and the delivery drivers at the Team Washington stores as that term is defined by the FLSA, DCMWRA, and DCWPCL.

6

47.     Upon information and belief, Mary Lynne Carraway owns and/or operates, in whole or in part, a number of other entities that make up part of the Team Washington stores.

48.     Upon information and belief, the franchisor, Domino's Pizza, may also be liable as an employer of the delivery drivers employed at the Team Washington stores.

49.     The identities of these additional Defendants should be revealed as discovery progresses and can be named at that time.

**John Doe 1-10**

50.     Upon information and belief, there are additional individuals who also qualify as "employers" of Plaintiff and the delivery drivers at the Team Washington stores as that term is defined by the FLSA, DCMWRA, and DCWPCL.

51.     Upon information and belief, Mary Lynne Carraway has entered into co-owner relationships with a number of her managers and business partners, and those individuals might also qualify as "employers" of Plaintiff and the delivery drivers at the Team Washington stores as that term is defined by the FLSA, DCMWRA, and DCWPCL.

52.     The identities of these additional Defendants should be revealed as discovery progresses and can be named at that time.

**Facts**

**Class-wide Factual Allegations**

53.     During all relevant times, Defendants have operated the Team Washington stores.

54.     The primary function of the Team Washington stores is to sell pizza and other food items to customers, whether they dine in, carry out, or have their food delivered.

55.     Some or all of the Team Washington stores employ delivery drivers.

56.     Plaintiff and the similarly situated persons that Plaintiff seeks to represent are current and former delivery drivers employed by Defendants at the Team Washington stores.

57.     All delivery drivers employed at the Team Washington stores over the time period relevant to this case have had essentially the same job duties—to deliver pizza and other food items to customers.

58.     Drivers at the Team Washington stores work "dual jobs".

59.     At all relevant times, Plaintiff and similarly situated delivery drivers have been paid minimum wage, slightly above minimum wage, or minimum wage minus a tip credit for the hours they worked while completing deliveries.

60.     At all relevant times, Plaintiff and similarly situated delivery drivers have been paid minimum wage or slightly above minimum wage for the hours they worked inside the restaurant.

61.     Defendants require delivery drivers to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering Defendants' pizza and other food items.

62.     Defendants require delivery drivers to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, financing charges, cellphone costs, GPS charges, and other equipment necessary for delivery drivers to complete their job duties.

63.     Pursuant to such requirements, Plaintiff and other similarly situated employees purchase gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation and damage, financing charges, and incur cellphone and data charges all for the primary benefit of Defendants.

64.     Defendants require delivery drivers at the Team Washington stores to provide cellphones to use while completing deliveries for Defendants.

65.     Defendants require delivery drivers to maintain and pay for operable cellphones to use in delivering Defendants' pizza and other food items.

66.     The Team Washington stores do not reimburse the delivery drivers' cellphone expenses.

67.     The Team Washington stores do not track or record the delivery drivers' cellphone expenses.

68.     Defendants reimburse delivery drivers' automobile expenses based on a set amount for each delivery they complete.

69.     The Team Washington stores do not track or record the delivery drivers' actual automobile expenses.

70.     The Team Washington stores do not collect receipts from their delivery drivers related to the expenses they incur while completing deliveries.

71.     Defendants do not collect receipts of delivery drivers' gasoline purchases during weeks when the delivery drivers worked for Defendants.

72.     Defendants do not collect receipts of delivery drivers' automobile maintenance, repair, and parts purchased or paid for during weeks when the delivery drivers worked for Defendants.

73.     Defendants do not collect receipts of delivery drivers' monthly or annual automobile insurance costs.

74.     Defendants do not collect receipts of delivery drivers' automobile registration costs.

75. Defendants do not collect receipts of delivery drivers' automobile financing or purchase costs.

76. Defendants do not collect any other receipts from delivery drivers related to the automobile expenses they incur as delivery drivers at the Team Washington stores.

77. The Team Washington stores do not reimburse their delivery drivers based on the actual expenses the delivery drivers incur.

78. The Team Washington stores do not reimburse their delivery drivers for the actual expenses delivery drivers incur.

79. The Team Washington stores do not reimburse their delivery drivers' automobile expenses at the IRS standard business mileage rate.

80. The Team Washington stores did not even reasonably approximate the delivery drivers' automobile expenses.

81. The Team Washington stores' reimbursement payments result in reimbursements that are less than the IRS standard business mileage rate for each mile driven.

82. According to the Internal Revenue Service, the standard mileage rate for the use of a car in recent years has been:

    a.    2016: 54 cents/mile
    b.    2017: 53.5 cents/mile
    c.    2018: 54.5 cents/mile
    d.    2019: 58 cents/mile
    e.    2020: 57.5 cents/mile
    f.    2021: 56 cents/mile
    g.    2022: 58.5 cents/mile

83. The delivery drivers at the Team Washington stores have incurred even more in expenses than those contemplated by the IRS standard business mileage rate—*e.g.*, cellphone and

data charges.

84.     The delivery drivers at the Team Washington stores advance a business expense, interest free, to Defendants when they provide cars to use at work.

85.     Defendants benefit from the delivery drivers spending time off the clock repairing and maintaining their vehicles.

86.     Defendants benefit from the delivery drivers storing their vehicles when they are not being used to complete deliveries for Defendants.

87.     Defendants benefit from delivery drivers taking on the risk of using their vehicles to drive for Defendants' business.

88.     As a result of the automobile and other job-related expenses incurred by Plaintiff and other similarly situated delivery drivers, they were deprived of minimum wages guaranteed to them by the FLSA and District of Columbia law.

89.     At all relevant times, Defendants have applied the same pay policies, practices, and procedures to all delivery drivers at the Team Washington stores.

90.     All of Defendants' delivery drivers had similar experiences to that of Plaintiff. They completed similar job duties, were subject to the same reimbursement policy; received similar reimbursement payments; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the applicable minimum wage rate or at a tipped wage rate before deducting unreimbursed vehicle costs.

91.     Regardless of the precise amount of the reimbursements paid at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic

11

violations of the minimum wage laws.

92.     Because Defendants paid their drivers a gross hourly wage at precisely, or at least very close to, the applicable minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations. *See* 29 C.F.R. § 531.35.

93.     Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of the Team Washington stores.

94.     Defendants have failed to properly take a tip credit from Plaintiff's wages and the wages of similarly situated employees because, after accounting for unreimbursed expenses, Defendants have paid delivery drivers a lower wage rate than they informed the delivery drivers they would be paid.

95.     Defendants have willfully failed to pay federal and District of Columbia minimum wage to Plaintiff and similarly situated delivery drivers at the Team Washington stores.

96.     Defendants' policy of under-reimbursement unjustly enriches them at the expense of their delivery drivers. Under-reimbursing delivery drivers allows Defendants to shift business expenses onto their employees, which confers various benefits on Defendants beyond and in excess of the direct savings from violating wage laws.

97.     All of Defendants' delivery drivers conferred a benefit on Defendants by providing cellphones to use when delivering pizza and other food items for Defendants.

98.     All of Defendants' delivery drivers conferred a benefit on Defendants by providing vehicles to deliver pizza and other food items for Defendants.

99.      It is unjust for Defendants to retain the benefit conferred on them by their delivery driver by reimbursing only a portion of the business-related costs incurred by the delivery drivers.

100.     Defendants do not provide, and have never provided, the delivery drivers with actual or constructive notice of their rights relating to vehicle expense reimbursement, cell phone expense reimbursement, and wages.

## Plaintiff's Individual Factual Allegations

101.     Plaintiff has worked for Defendants as a pizza delivery driver at the Team Washington stores since December 2021 at their Wisconsin Avenue and Michigan Avenue locations in Washington D.C.

102.     Plaintiff works dual jobs—one inside the store, and one outside the store.

103.     Plaintiff is paid minimum wage minus a tip credit as an hourly rate for all hours worked while delivering food.

104.     Plaintiff makes $7.00 per hour while out on deliveries.

105.     Plaintiff delivers pizza and other food items to Defendants' customers' homes and businesses.

106.     When he is not making deliveries, Plaintiff worked inside the restaurant, completing tasks such as taking orders, preparing vegetables, sweeping, mopping, and/or doing other tasks necessary for the operation of the restaurant.

107.     Plaintiff is required to use his own car to deliver pizzas.

108.     Plaintiff is required to use his own cellphone when delivering pizzas.

109.     Plaintiff is paid minimum wage or slightly above minimum wage for the hours he works inside the restaurant.

13

110.     Plaintiff makes $15.20 for hours worked inside of the store.

111.     Plaintiff is reimbursed per mile while completing deliveries for Defendants.

112.     Plaintiff receives $.30 per mile while he completes deliveries for Defendants.

113.     Plaintiff is required to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering Defendants' pizza and other food items.

114.     Plaintiff is required to maintain and pay for an operable cellphone to use in delivering Defendants' pizza and other food items.

115.     Plaintiff is required to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, cellphone service, GPS service, automobile financing, and other equipment necessary for delivery drivers to complete their job duties.

116.     Plaintiff purchases gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation and damage, automobile financing, and incurs cellphone and data charges all for the primary benefit of Defendants.

117.     Defendants do not track the actual expenses incurred by Plaintiff.

118.     Defendants do not ask Plaintiff to provide receipts of the expenses he incurs while delivering pizzas and other food items for Defendants.

119.     The Team Washington stores do not collect receipts from Plaintiff related to the expenses he incurs while completing deliveries.

120.     Defendants do not collect receipts of Plaintiff's gasoline purchases during weeks when he works for Defendants

14

121.     Defendants do not collect receipts of Plaintiff's automobile maintenance, repair, and parts purchased or paid for during weeks when he works for Defendants.

122.     Defendants do not collect receipts of Plaintiff's monthly or annual automobile insurance costs.

123.     Defendants do not collect receipts of Plaintiff's automobile registration costs.

124.     Defendants do not collect receipts of Plaintiff's automobile financing or purchase costs.

125.     Defendants do not collect any other receipts from Plaintiff related to the automobile expenses he incurs as a delivery driver at the Team Washington stores.

126.     Defendants do not track the cellphone expenses incurred by Plaintiff.

127.     Defendants do not ask Plaintiff to provide records of cellphone expenses he incurs while delivering pizzas for Defendants.

128.     Defendants do not collect receipts of Plaintiff's cellphone data plan expenses.

129.     Defendants do not reimburse Plaintiff for his cellphone expenses.

130.     Defendants do not reimburse Plaintiff based on his actual delivery-related expenses.

131.     Plaintiff is not reimbursed at the IRS standard mileage rate for the miles he drives while completing deliveries.

132.     During Plaintiff's employment with Defendants, Defendants have failed to adequately reimburse Plaintiff for automobile and other job-related expenses.

133.     Plaintiff regularly makes approximately 3 to 5 deliveries per hour during the hours he works as a delivery driver.

134.     Plaintiff regularly drives approximately 1.5 miles round trip per delivery.

**135.**     In 2021, for example, the IRS business mileage reimbursement has been $.56 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using the IRS rate as the proper measure of Plaintiff's automobile expenses, every mile driven on the job decreased his net wages by approximately $.26 ($.56 - $.30) per mile. Considering Plaintiff's estimate of about 1.5 miles per delivery, Defendants under-reimbursed him about $.39 per delivery ($.26 x 1.5 average miles).

136.     Defendants fail to pay Plaintiff minimum wage as required by law.

137.     Defendants failed to properly take a tip credit from Plaintiff's wages because, after accounting for unreimbursed expenses, Defendants have taken more of a tip credit than they informed Plaintiff they would be taking.

138.     As a result of unreimbursed automobile expenses and other job-related expenses, Defendants have failed to pay Plaintiff minimum wage as required by law.

139.     Defendants have been unjustly enriched by Plaintiff in that he used his own vehicle and incurred vehicle-related expenses for Defendants' benefit.

140.     Defendants have been unjustly enriched by Plaintiff in that he used his own cellphone and incurred cellphone-related expenses for Defendants' benefit.

**Collective Action Allegations**

141.     Plaintiff brings the First and Second Counts on behalf of himself and all similarly situated current and former delivery drivers employed at the Team Washington stores owned, operated, and controlled by Defendants nationwide, during the three years prior to the filing of this Class Action Complaint and the date of final judgment in this matter, who elect to opt-in to this action (the "FLSA Collective").

16

142.     At all relevant times, Plaintiff and the FLSA Collective have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to Defendants' decision, policy, plan, practices, procedures, protocols, and rules of willfully refusing to pay Plaintiff and the FLSA Collective minimum wage for all hours worked and failing to reimburse delivery drivers for automobile expenses and other job-related expenses. Plaintiff's claims are essentially the same as those of the FLSA Collective.

143.     Defendants' unlawful conduct is pursuant to a corporate policy or practice.

144.     Defendants are aware or should have been aware that federal law required them to pay employees minimum wage for all hours worked, time and a half overtime wages for hours worked in excess of 40 per week, and to fully reimburse for "tools of the trade."

145.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

146.     The First and Second Counts are properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

147.     In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

**Class Action Allegations**

148.     Plaintiff brings the Third, Fourth, and Fifth Counts under Federal Rule of Civil Procedure 23, on behalf of himself and a class of persons consisting of:

> All current and former delivery drivers employed by Defendants at the Team Washington stores in the District of Columbia whose employment with Defendants terminated on or after the date three years prior to the filing of the original complaint and the date of final judgment in this matter ("Rule 23 District of Columbia Wage Class").

149.     Plaintiff brings the Sixth Count under Federal Rule of Civil procedure 23, on behalf of

17

himself and a class of persons consisting of:

> All current and former delivery drivers employed by Defendants at the Team Washington stores in the District of Columbia between the date three years prior to the filing of the original complaint and the date of final judgment in this matter ("Rule 23 District of Columbia Unjust Enrichment Class").

150. Excluded from the Rule 23 District of Columbia Wage Class and Rule 23 District of Columbia Unjust Enrichment Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 District of Columbia Wage Class and/or Rule 23 District of Columbia Unjust Enrichment Class.

151. The number and identity of the Rule 23 District of Columbia Wage Class members and Rule 23 District of Columbia Unjust Enrichment Class members are ascertainable from Defendants' records.

152. The hours assigned and worked, the positions held, deliveries completed, and the rates of pay and reimbursements paid for each Rule 23 District of Columbia Wage Class member are determinable from Defendants' records.

153. The benefits conferred by the Rule 23 District of Columbia Unjust Enrichment Class members and realized by Defendants are determinable from Defendants' records.

154. For the purpose of notice and other purposes related to this action, the Rule 23 District of Columbia Wage Class members and Rule 23 District of Columbia Unjust Enrichment Class members' names and contact information are readily available from Defendants.

155. Notice can be provided by means permissible under Rule 23 for the Rule 23 District

of Columbia Wage Class members and the Rule 23 District of Columbia Unjust Enrichment Class members.

156.     The Rule 23 District of Columbia Wage Class members and Rule 23 District of Columbia Unjust Enrichment Class members are so numerous that joinder of all members is impracticable.

157.     The disposition of the Rule 23 District of Columbia Wage Class members and Rule 23 District of Columbia Unjust Enrichment Class members' claims as a class will benefit the parties and the Court.

158.     There are more than 50 Rule 23 District of Columbia Wage Class members.

159.     There are more than 50 Rule 23 District of Columbia Unjust Enrichment Class members.

160.     Plaintiff's claims are typical of those claims which could be alleged by any class member in either the Rule 23 District of Columbia Wage Class members and Rule 23 District of Columbia Unjust Enrichment Class, and the relief sought is typical of the relief which would be sought by each Rule 23 District of Columbia Wage Class members and Rule 23 District of Columbia Unjust Enrichment Class member in separate actions.

161.     Plaintiff and the Rule 23 District of Columbia Wage Class members and Rule 23 District of Columbia Unjust Enrichment members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, failing to properly claim a tip credit, failing to pay overtime, failing to reimburse for expenses, taking unauthorized deductions, failing to pay earned wages, and being unjustly enriched by the drivers.

162.     Plaintiff and the Rule 23 District of Columbia Wage Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the DCMWRA and

19

DCWPCL.

163.     Plaintiff and the Rule 23 District of Columbia Unjust Enrichment Class members have also unjustly enriched Defendants in the same way—by providing automobiles for use in their business at no cost to Defendants.

164.     Plaintiff and the Rule 23 District of Columbia Wage Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, polices, and procedures.

165.     Plaintiff and the Rule 23 District of Columbia Unjust Enrichment Class sustained similar losses, injuries, and damages arising from the same unlawful practices, polices, and procedures

166.     By seeking to represent the interests of the Rule 23 District of Columbia Wage Class members and Rule 23 District of Columbia Unjust Enrichment Class members, Plaintiff is exercising and intends to exercise his right to engage in concerted activity for the mutual aid or benefit of himself and his co-workers.

167.     Plaintiff is able to fairly and adequately protect the interests of the Rule 23 District of Columbia Wage Class and Rule 23 District of Columbia Unjust Enrichment Class and has no interests antagonistic to the Rule 23 District of Columbia Wage Class.

168.     Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

169.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation on behalf of minimum wage employees where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a

large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

170.     Upon information and belief, Defendants and other employers throughout the state violate DCMWRA and DCWPCL.  Current employees are often afraid to assert their rights out of fear of direct and indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

171.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

172.     The Rule 23 District of Columbia Wage Class and the Rule 23 District of Columbia Unjust Enrichment Class are properly treated as subclasses pursuant to Rule 23(c)(5).

173.     Common questions of law and fact exist as to the Rule 23 District of Columbia Wage Class that predominate over any questions only affecting Plaintiff and the Rule 23 District of Columbia Wage Class members individually and include, but are not limited to:

a.     Whether Plaintiff and the Rule 23 District of Columbia Wage Class members were subject to a common expense reimbursement policy;

b.     Whether Plaintiff and the Rule 23 District of Columbia Wage Class were subject to a policy that required them to maintain and pay for safe, operable, and legally compliant automobiles to use in completing deliveries;

c.     Whether Plaintiff and the Rule 23 District of Columbia Wage Class incurred expenses for the benefit of Defendants in the course of completing deliveries;

d.     Whether Defendants failed to reimburse automobile expenses, gasoline

expenses, and other job-related expenses, as described herein, causing Plaintiff and the Rule 23 District of Columbia Wage Class wages to drop below legally allowable minimum wage and overtime;

e.      Whether Defendants collected and maintained records of Plaintiff and the Rule 23 District of Columbia Wage Class members' actual vehicle expenses;

f.      Whether Defendants properly reimbursed Plaintiff and the Rule 23 District of Columbia Wage Class members for their vehicle expenses;

g.      Whether Defendants met the requirements for claiming a tip credit from the wages of the Plaintiff and the Rule 23 District of Columbia Wage Class members;

h.      Whether Defendants failed to pay Plaintiff and the Rule 23 District of Columbia Wage Class in a timely manner as described by DCWPCL D.C. Code § 32-1302;

i.      Whether Defendants failed to pay Plaintiff and the Rule 23 District of Columbia Wage Class all wages earned by them;

j.      Whether Plaintiff and the Rule 23 District of Columbia Wage Class members were subject to a common policy that required them to provide cellphones to use when completing deliveries for Defendants; and

k.      Whether Plaintiff and the Rule 23 District of Columbia Wage Class members were subject to a common cellphone expense reimbursement policy;

l.      The nature and extent of class-wide injury and the measure of damages for those injuries.

174.    Common questions of law and fact exist as to the Rule 23 District of Columbia Unjust Enrichment Class that predominate over any questions only affecting Plaintiff and the Rule 23 District of Columbia Unjust Enrichment Class members individually and include, but are not limited to:

a.      Whether Plaintiff and the Rule 23 District of Columbia Unjust Enrichment Class members were subject to a common policy that required them to provide cars to complete deliveries for Defendants;

b.  Whether Plaintiff and the Rule 23 District of Columbia Unjust Enrichment Class members were subject to a common automobile expense reimbursement policy;

c.  Whether Plaintiff and the Rule 23 District of Columbia Unjust Enrichment Class members were subject to a common policy that required them to provide cellphones to use when completing deliveries for Defendants;

d.  Whether Plaintiff and the Rule 23 District of Columbia Unjust Enrichment Class members were subject to a common cellphone expense reimbursement policy;

e.  Whether Plaintiff and the Rule 23 District of Columbia Unjust Enrichment Class incurred expenses for the benefit of Defendants in the course of completing deliveries;

f.  Whether Defendants avoided business expenses they would have otherwise been required to cover but for Plaintiff and the Rule 23 District of Columbia Unjust Enrichment Class providing cars and cellphones to use to make deliveries;

g.  How much it would have cost Defendants to operate their business but for Plaintiff and the Rule 23 District of Columbia Unjust Enrichment Class providing cars and cellphones to use to make deliveries;

h.  Whether Plaintiff and the Rule 23 District of Columbia Unjust Enrichment Class conferred a benefit on Defendants that Defendants were aware of;

i.  Whether Defendants accepted the benefits conferred on them by Plaintiff and the Rule 23 District of Columbia Unjust Enrichment Class;

j.  Whether it would be unjust for Defendants to retain the benefit conferred on them by Plaintiff and the Rule 23 District of Columbia Unjust Enrichment Class without compensating for it;

k.  The nature and extent of class-wide injury and the measure of damages for those injuries.

175.    In recognition of the services Plaintiff has rendered and will continue to render to the Rule 23 District of Columbia Wage Class and the Rule 23 District of Columbia Unjust Enrichment Class, Plaintiff will request payment of a service award upon resolution of this action.

**Causes of Action**

**Count 1**

23

**Failure to Pay Minimum Wages - Fair Labor Standards Act**
**(On Behalf of Plaintiff and the FLSA Collective)**

176.     Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

177.     Plaintiff and the FLSA Collective are or were non-exempt, hourly employees entitled to receive no less than minimum wage for all hours worked.

178.     Defendants pay Plaintiff and the FLSA Collective at or close to minimum wage for all hours worked.

179.     Defendants required and continue to require Plaintiff and the FLSA Collective to pay for automobile expenses and other job-related expenses out of pocket and failed to properly reimburse Plaintiff and the FLSA Collective for said expenses.

180.     Defendants failed to properly claim a tip credit from the wages of Plaintiff and the FLSA collective because Plaintiff and the FLSA collective were paid a wage rate lower than Defendants informed them that they would be paid.

181.     By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff and the FLSA Collective.

182.     Plaintiff and the FLSA Collective have been damaged by Defendants' willful failure to pay minimum wage as required by law.

183.     As a result of Defendants' willful violations, Plaintiff and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, unreimbursed expenses, liquidated damages, costs, and attorneys' fees.

**Count 2**

**Failure to Pay Overtime Wages - Fair Labor Standards Act**
**(On Behalf of Plaintiff and the FLSA Collective)**

184.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

185.    Plaintiff and the FLSA collective class members are or were non-exempt, hourly employees entitled to receive no less than time and a half overtime wages for hours worked in excess of 40 hours per week.

186.    Defendants required and continue to require Plaintiff and the FLSA collective class members to pay for automobile expenses and other job-related expenses out of pocket and failed to properly reimburse Plaintiff and the FLSA collective class members for said expenses.

187.    When Plaintiff and the FLSA collective class members worked overtime hours, they were under-reimbursed in the same way and according to the same policies as they were when they worked regular hours.

188.    By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff and the FLSA collective class members.

189.    Plaintiff and the FLSA collective class members have been damaged by Defendants' willful failure to pay overtime as required by law.

190.     As a result of Defendants' willful violations, Plaintiff and the FLSA collective class members are entitled to damages, including, but not limited to, unpaid wages, unreimbursed expenses, liquidated damages, costs, and attorneys' fees.

**Count 3**
**Failure to Pay Minimum Wages - DCMWRA, D.C. Code § 32-1003, *et***
***seq.* (On Behalf of Plaintiff and the Rule 23 District of Columbia Wage**
**Class)**

191.     Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

192.     Defendants paid Plaintiff and the Rule 23 District of Columbia Wage Class below minimum wage for the hours they worked by requiring them to cover automobile expenses and other job-related expenses.

193.     Defendants ostensibly paid Plaintiff and the Rule 23 District of Columbia Wage Class at or close to minimum wage for the hours they worked.

194.     Defendants failed to meet the requirements for taking a tip credit from the wages of Plaintiff and the Rule 23 District of Columbia Wage Class.

195.     Because Defendants required Plaintiff and the Rule 23 District of Columbia Wage Class to pay for automobile expenses and other job-related expenses out of pocket, Defendants failed pay Plaintiff and the Rule 23 District of Columbia Wage Class minimum wage.

196.     By not paying Plaintiff and the Rule 23 District of Columbia Wage Class at least minimum wage for each hour worked, Defendants has violated the DCMWRA, D.C. Code § 32-1003.

197.     As a result of Defendants' violations, Plaintiff and the Rule 23 District of Columbia Wage Class are entitled to damages, including, but not limited to, unpaid wages, unreimbursed expenses, an additional three times unpaid wages/unreimbursed expenses in damages under D.C. Code § 32-1012, costs, and attorneys' fees for the statutory period.

**Count 4**
**Failure to Pay Overtime Wages - DCMWRA D.C. Code § 32-1003(c)**
**(On Behalf of Plaintiff and the Rule 23 District of Columbia Wage Class)**

198.     Plaintiff restates and incorporates the foregoing allegations as if fully rewritten

herein.

199.     Plaintiff and the Rule 23 District of Columbia Wage Class are or were non-exempt, hourly employees entitled to receive no less than time and a half overtime wages for hours worked in excess of 40 hours per week.

200.     Defendants required and continue to require Plaintiff and the Rule 23 District of Columbia Wage Class to pay for automobile expenses and other job-related expenses out of pocket and failed to properly reimburse Plaintiff and the Rule 23 District of Columbia Wage Class for said expenses.

201.     When Plaintiff and the Rule 23 District of Columbia Wage Class worked overtime hours, they were under-reimbursed in the same way and according to the same policies as they were when they worked regular hours.

202.     By the acts and conduct described above, Defendants willfully violated the provisions of the DCMWRA and disregarded the rights of Plaintiff and the Rule 23 District of Columbia Wage Class.

203.     Plaintiff and the Rule 23 District of Columbia Wage Class have been damaged by Defendants' willful failure to pay overtime as required by law.

204.      As a result of Defendants' willful violations, Plaintiff and the Rule 23 District of Columbia Wage Class are entitled to damages, including, but not limited to, unpaid wages, unreimbursed expenses, liquidated damages, costs, and attorneys' fees.

**Count 5**
**Failure to Pay Wages – DCWPCL D.C. Code § 32-1302**
**(On Behalf of Plaintiff and the Rule 23 District of Columbia Wage Class)**

205.     Plaintiff restates and incorporates the foregoing allegations as if fully rewritten

herein.

206.     During all relevant times, Defendants were covered by DCWPCL, and Plaintiff and the Rule 23 District of Columbia Wage Class were employees within the meaning of DCWPCL and were not exempt from its protections.

207.     DCWPCL D.C. Code § 32-1302 requires that Defendants pay Plaintiff and the Rule 23 District of Columbia Wage Class all wages earned at least twice during each calendar month.

208.     By failing to pay Plaintiff and the Rule 23 District of Columbia Wage Class all wages due to them under the FLSA and DCMWRA, Defendants have also violated the DCWPCL.

209.     Plaintiff and the Rule 23 District of Columbia Wage Class's unpaid wages and unreimbursed expenses are still unpaid.

210.     As a result of Defendants' willful violation, Plaintiff and the Rule 23 District of Columbia Wage Class are entitled to unpaid wages and liquidated damages, as stated in D.C. Code § 32-1308(a)(1)(A).

### Count 6
### Unjust Enrichment
### (On Behalf of Plaintiff and Rule 23 District of Columbia Unjust Enrichment Class)

211.     The Rule 23 District of Columbia Unjust Enrichment Class members at the Defendants' Team Washington stores have conferred a benefit on Defendants by using their own cars and cellphones to perform work for Defendants.

212.     Defendants are aware of and have accepted the benefit conferred on them by Rule 23 District of Columbia Unjust Enrichment Class members.

213.     It would be unjust for Defendants to be permitted to retain the benefit conferred on them by the Rule 23 District of Columbia Unjust Enrichment Class members without

commensurate compensation.

214.     Plaintiff and the Rule 23 District of Columbia Unjust Enrichment Class members are entitled to equitable restitution of the benefits they have conferred on Defendants within the 3 years preceding the filing of this complaint.

**WHEREFORE**, Plaintiff Demetrius Moody prays for all of the following relief:

A.     Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and their counsel to represent the collective action members.

B.     Unpaid minimum wages, overtime wages, reimbursement of expenses, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations.

C.     Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

D.     Designation of Plaintiff as representative of the Rule 23 District of Columbia Wage Class and Rule 23 District of Columbia Unjust Enrichment Class, and counsel of record as Class Counsel for both Classes.

E.     A declaratory judgment that the practices complained of herein are unlawful under Section DCMWRA and DCWPCL.

F.     An award of unpaid minimum wages, overtime wages, and unreimbursed expenses due under DCMWRA, D.C. Code § 32-1003.

G.     An award of damages under D.C. Code § 32-1012, based on Defendants' failure

to  pay minimum wages, calculated as an additional three times of back wages.

       H.        Liquidated damages under D.C. Code § 32-1308.

       I.        An award of restitution as a result of unjust enrichment.

       J.        An award of prejudgment and post-judgment interest.

       K.        An award of costs and expenses of this action, together with reasonable attorneys'

fees and expert fees.

       L.        Such other legal and equitable relief as the Court deems appropriate.

<u>Michael D.J. Eisenberg</u>
Michael D.J. Eisenberg (BAR #486251)
Law Office of Michael D.J. Eisenberg
700 12th Street, NW, Suite 700
Washington, DC  20005
Michael@Eisenberg-Lawoffice.com
www.Eisenberg-Lawoffice.com
202- 558-6371(Phone)
202- 403-3430 (Fax)

Andrew R. Biller (Bar # 0081452; *Pro hac vice forthcoming)*
Andrew P. Kimble (Bar # 0093172 *Pro hac vice forthcoming)*
Laura E. Farmwald (Bar #0095304 *Pro hac vice forthcoming)*
Biller & Kimble, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
513-202-0710 (Phone)
614-340-4620 (Fax)
*abiller@billerkimble.com*
*akimble@billerkimble.com*
*lfarmwald@billerkimble.com*
www.billerkimble.com

*Counsel for Plaintiffs*

**JURY DEMAND**

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ *Michael D.J. Eisenberg*
Michael D.J. Eisenberg