IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEMETRIUS MOODY**,<br><br>*On behalf of himself and those similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>**TEAM WASHINGTON, INC.; MARY LYNNE CARRAWAY; JOHN DOE 1-10; DOE CORPORATION 1-10,**<br><br>Defendants. | Case No.: 1:22-cv-01546 |

**REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT**

**I.   INTRODUCTION.**

Defendants Team Washington, Inc. ("TWI" or the "Company") and Mary Lynne Carraway ("Carraway") (collectively, "Defendants") demonstrated in their Opening Memorandum that Count I and II of Plaintiff Demetrius Moody's ("Plaintiff") Class and Collective Action Complaint ("Complaint") should be dismissed because Plaintiff failed to allege any facts concerning the proportion of time he spent making deliveries versus working inside the store to plausibly allege that his claimed unreimbursed vehicle-related expenses resulted in a violation of the FLSA. As Defendants demonstrated, even under the worst-case parameters alleged in the Complaint, the math shows that Plaintiff had to drive *at least* 73% of the time to demonstrate a plausible violation because D.C.'s minimum wage of (at least) $15.20 is so high that Plaintiff's effective wage rate only goes below the $7.25 federal FLSA at that threshold. (*See* Opening Memo., at 6-8 & 10.) Plaintiff's Opposition does not dispute that when considering all wages earned during a workweek, Plaintiff has not sufficiently alleged a violation of the FLSA.

1

Specifically, Plaintiff *does not dispute* (1) that he failed to plausibly demonstrate his effective wage rate, (2) Defendants' math or its conclusions, or (3) that he failed to plausibly demonstrate that his alleged unreimbursed expenses cut into his effective or "blended" wage rate enough to adequately plead a violation under the FLSA. Instead, Plaintiff responds that he supposedly worked "dual jobs" for TWI and suggests that compliance with the FLSA required TWI to ensure it paid him at least minimum for *every* hour worked at *each* job, rather than in the aggregate. (*See* Opp'n at 7-8.) Plaintiff's position simply ignores and is at odds with black letter FLSA law long adopted by this Court. Indeed, in the D.C. Circuit, compliance with the FLSA is *always* measured by the workweek standard and requires the exact type of approach outlined by Defendants. As Plaintiff fails to dispute the accuracy or validity of Defendants' substantive arguments, Plaintiff's FLSA claims should be dismissed.

## II.     DISCUSSION.

Without *any* direct legal support, Plaintiff contends that because he worked separate "dual jobs" – to the extent delivering food and performing delivery-related tasks at a restaurant that makes that food can be considered working separate jobs – the FLSA purportedly required TWI to ensure that he received at least the federal minimum wage for *every* hour worked at *each* "job." In different words, Plaintiff is asserting that compliance with the FLSA requires courts to use the "hourly measuring rod" or "contract measuring rod," where courts either look to "whether a person was paid the minimum wage for every individual hour worked" or review the specific employment arrangement to determine the appropriate scope of compensable work. *Freeman v. MedStar Health Inc.*, 185 F. Supp. 3d 30, 35 n.6 (D.D.C. 2016). However, contrary to Plaintiff's position, "[t]he D.C. Circuit has explicitly held that, under the FLSA and under the D.C. Minimum Wage Act, the 'workweek measuring rod' determines liability under the minimum wage provisions of

those statutes." *Freeman*, 185 F. Supp. 3d at 35 (D.D.C. 2016). In fact, the D.C. Circuit has explicitly rejected any requirement for hour-by-hour compliance for purposes of compliance with the FLSA. *See Dove v. Coupe*, 759 F.2d 167, 171-73 (D.C. Cir. 1985) (citing *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir. 1960)). Accordingly, to establish liability under the FLSA, Plaintiff must demonstrate that "the total weekly wage paid by an employer" is not at least "equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement." *McNair v. D.C.*, 359 F. Supp. 3d 1, 11 (D.D.C. 2019). Or, in other words, if Plaintiff's "total weekly wage paid" is divided by "the number of hours [he] actually worked that week" and results in the payment of at least $7.25 per hour over that period, there is no cause of action under the FLSA. *See id.*

Judge Colleen Kollar-Kotelly confirmed this conclusion by aptly illustrating the differences between the proposed weekly and hourly "measuring rods" then at issue (applying the $10 hourly minimum wage required by the D.C. Minimum Wage Act at the time):[1]

> Suppose a person works for a single employer 24 hours a week—eight hours a day, three days a week. Suppose further that the person is paid $50 for each of seven hours a day, but is required to work an eighth hour without pay. Over the course of a week, therefore, such a person would be paid $1,050, which would actually be $43.75 per hour of time worked.
>
> Suppose also that the applicable minimum wage were $10 per hour. Using the "workweek measuring rod," there is a violation only if, averaged over the workweek, the hourly wage is less than $10. There is no such violation in this example because $43.75 per hour is above $10 per hour. By contrast, using the "hourly measuring rod," a Court looks to whether a person was paid the minimum wage for every individual hour worked. Pursuant to this methodology, there is a violation in this example—because the employee is paid zero dollars for the eighth hour each day, for a total of three "unpaid" hours over the course of a week.

*Freeman*, 185 F. Supp. 3d at 35 & n.6 (citations omitted).

---

[1] The *Freeman* Court confirmed that the FLSA and the DCMWA both adhered to the "workweek measuring rod" standard. *Freeman*, 185 F. Supp. 3d at 36.

Interestingly, Judge Kollar-Kotelly's illustration is not significantly different from Plaintiff's own rhetorical musings, which he suggests demonstrates Defendants' measure of determining his effective wage is somehow defective:

> Effectively, Defendants are asking for permission to negotiate the following terms with employees: "Yes, you can work in this position where you will earn more than minimum wage per hour, but only if you also work in a different position where you will earn less than minimum wage per hour."

(Opp'n, at 9.) Putting aside the unfounded conclusion underlying his illustrative example (as Defendants always paid Plaintiff at least the required minimum wage for every hour that he worked and dispute Plaintiff's allegation that he was under-reimbursed for his vehicle expenses), the District Court has plainly held that Defendants can, in fact, create an employment arrangement exactly as Plaintiff described *if* he earns at least $7.25 per hour for the hours worked over the course of a week, as determined under the applicable "workweek measuring rod" standard.

Requiring a person to work an unpaid eighth hour, as in the *Freeman* Court's example, is no different than requiring a person to work an eighth hour at a different wage rate, which is no different than requiring a person to work several hours at different wage rates, as in Plaintiff's hypothetical example. Contrary to Plaintiff's argument that his "interpretation of the FLSA's minimum wage requirements is in line with the statute's remedial purpose," (Opp'n, at 8), the D.C. Circuit has recognized that the FLSA's "Congressional purpose is accomplished so long as the *total weekly wage paid* by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement." *Dove*, 759 F.2d at 171 (emphasis added) (quoting *Klinghoffer Bros. Realty Corp.*, 285 F.2d at 490). Accordingly, Defendants' "blended rate approach" (as dubbed by Plaintiff) is *the correct* approach in this Circuit. And as Plaintiff does not otherwise dispute that he fails to demonstrate a plausible FLSA violation under

the applicable standard for determining minimum wage compliance in this Circuit, the Court should dismiss Plaintiff's FLSA claims.

In arguing that Defendants are somehow improperly computing his wage for purposes of evaluating compliance with the FLSA, Plaintiff not only ignores nearly four decades of unchanged D.C. law, but he attempts to distract from the applicable standard by conflating irrelevant regulations concerning the application of the tip credit. (*See* Opp'n, at 5-8 (relying on 29 C.F.R. § 531.56).) None of this is pertinent to Defendants' position. As Defendants asserted, and Plaintiff did not dispute, "Plaintiff earned a tipped $7.00 wage rate but does not allege that he failed to receive enough tips to cover the applicable $0.25 tip credit under the FLSA, that TWI failed to inform him about the tip credit, or that he did not keep all tips that he received." (Opening Memo., at 6 n.9.) Accordingly, as Plaintiff failed to allege that Defendants lost their entitlement to rely on the tip credit, Defendants applied the appropriate $7.25 wage for purposes of evaluating the plausibility of Plaintiff's claims and, thus, already appropriately gave full credit to any concerns related to how to apply a tip credit wage in evaluating FLSA minimum wage compliance under the circumstances. (*Id.*)

As Plaintiff failed to demonstrate that his Complaint alleged any plausible FLSA violation and Plaintiff's Opposition does not suggest that additional facts may improve his position, the Court should dismiss Count I and II and Plaintiff's Complaint with prejudice.

### III.   CONCLUSION.

For the foregoing reasons, together with those set forth in its Opening Memorandum, Defendants respectfully request the Court grant their Motion and dismiss Counts I and II of Plaintiff's Complaint.

DATED: September 8, 2022								Respectfully submitted,

/s/ *Daniel E. Farrington*
Daniel E. Farrington (#471403)
Fisher & Phillips LLP
7501 Wisconsin Avenue, Suite 1220W
Bethesda, MD 20814
Tel. (301) 951-1538
Fax (301) 880-5031
dfarrington@fisherphillips.com

AND

Matthew R. Korn (*pro hac vice* pending)
Fisher & Phillips LLP
1320 Main Street, Suite 750
Columbia, SC 29201
Tel. (803) 740-7652
Fax (803) 255-0202
mkorn@fisherphillips.com

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEMETRIUS MOODY**, *On behalf of himself and those similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>**TEAM WASHINGTON, INC.; MARY LYNNE CARRAWAY; JOHN DOE 1-10; DOE CORPORATION 1-10,**<br><br>Defendants. | Case No.: 1:22-cv-01546 |

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notice to all counsel of record.

DATED: September 8, 2022                               Respectfully submitted,

                                                                         */s/ Daniel E. Farrington*
                                                                         Daniel E. Farrington